AMERICAN GROCERY COMPANY, RESPONDENT, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, APPELLANT.

Submitted May 12, 1933—Decided October 3, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Frederick B. Scott.*

For the respondent, *Reuben P. Goldstein.*

PER CURIAM.

The defendant appeals from a judgment obtained against it in the District Court of Hudson county. The action was for the alleged negligence of the defendant railroad company in attempting to get the plaintiff's truck on a ferry boat at Christopher street, Jersey City.

The ground of appeal is that there was no proof of negligence, and particularly under the state of demand filed in the case, and that the court should either have entered a nonsuit or directed a verdict for the defendant at the trial of the case.

The state of demand is not printed in the state of the case, but the appellant adds what it claims is a copy at the end of its brief. We cannot sanction this unauthorized and unwarranted method of attempting to get a part of a record before us. The state of the case properly certified is alone the record that can be used on the appeal.

Disregarding this attempted interpolation and assuming that the proofs were in conformity with the pleadings, we

think there was evidence of negligence in what the defendant did with respect to the assistance given to get the plaintiff's truck on the boat. The facts developed were that the plaintiff's driver was attempting to get his truck on the ferry boat. The tide was high and the truck, as is not uncommon perhaps, was unable to make the grade. The railroad company operated the ferry, and with probably a three-fold motive—to get a fare, to assist plaintiff to get his truck upon the boat, and to remove an obstruction from its slip—called upon the chauffeur of another truck for help, and the latter hitched his truck to the front of plaintiff's truck and attempted to pull it on the boat. The proofs tending to show negligence were that this truck in some stage of the effort, having started, stopped suddenly without warning causing a collision with the plaintiff's moving truck, damaging it to the extent of $250, which amount was conceded.

In this we think there was proof from which negligence could be inferred, and the chauffeur of the assisting truck being the agent of the appellant, it was responsible for his act.

The respondent contends that in any event the appellant is not entitled to have its appeal considered because no exception was taken to the ruling on the motions that the court control the case by nonsuit or direction, but this is not so. The case was tried by the judge without a jury and chapter 62 of the laws of 1916 (page 109) provides that "any error made by the court in giving final judgment in the cause shall be subject to change, modification or reversal without the grounds of objection having been specifically submitted to the court." As, however, we have reached the conclusion that negligence was adequately proved, it is unnecessary to further consider this point.

The judgment is affirmed, with costs.